# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Junior D.J.H.B.,

      Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

      Respondents.

Civil No. 26-1295 (DWF/SGE)

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on Petitioner Junior D.J.H.B.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a form response asserting authority to detain Petitioner under 8 U.S.C. § 1225(b)(2)(A). (*See* Doc. No. 6.) For the reasons set forth below, the Court grants the Petition and orders Respondents to release Petitioner immediately.

## BACKGROUND

Petitioner is a citizen of Guatemala and resident of St. Paul, Minnesota. (Doc. No. 1 ¶¶ 7, 12.) Petitioner has lived in the United States since 2022. (*Id.* ¶ 12.) Petitioner lives with his girlfriend and has strong ties to his community. (*Id.* ¶14.) He does not have a final order of removal. (*Id.* ¶ 13.)

U.S. Immigration and Customs Enforcement agents arrested Petitioner on February 10, 2026.  (*Id.* ¶ 15.)  He was arrested by approximately five plain clothes agents, one who wore a face mask.  (*Id.*)  At the time the Petition was filed, it was believed that he was detained at the Whipple Federal Building at Fort Snelling in Minnesota.  (*Id.* ¶ 7.)  Respondents confirmed that Petitioner is currently detained at the Whipple Federal Building.  (Doc. No. 6 at 1.)

Petitioner filed the Petition on February 10, 2026.  (Doc. No. 1 at 15.)  Petitioner asserts that his detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act.  (*Id.* ¶¶ 30-46.)  Petitioner requests, among other things, immediate release from detention.  (*Id.* at 14.)  On February 10, 2026, the Court ordered Respondents to answer the Petition on or before February 12, 2026, at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District pending further order.  (Doc. No. 4.)  Respondents timely filed a form response to the Petition.  (Doc. No. 6.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).  That authority includes jurisdiction to hear habeas challenges to immigration-related detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020).  The burden is on the petitioner to prove illegal detention by a

preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents submitted a form response, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and pointing the Court to their arguments in a pending Eighth Circuit case: *Avila v. Bondi*, No. 25-3248. (Doc. No. 6.) As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute. *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026). Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because he has been in the United States for over three years. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country"). Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detention. 8 U.S.C. § 1226(a); *see also*

*Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. And after being given the opportunity to explain the true cause of Petitioner's detention and provide documents of such (*see* Doc. No. 4), Respondents did not do so, (*see* Doc. No. 6). The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3. Respondents are **ORDERED** to release Petitioner from custody immediately.

4. Within three (3) days of the date of this Order, Respondents shall provide the Court with a status update confirming Petitioner's release.

5. Respondents are directed to release Petitioner:

    a. In Minnesota;

      b.      With all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone;

      c.      Without any conditions on release, including but not limited to requiring Petitioner to sign an "Order of Release on Recognizance" or requiring Petitioner to enroll and complete an "Alternatives to Detention" program;

      d.      Without any tracking devices or use of a tracking application; and

      e.      With all clothing and outerwear he was wearing at the time of detention, or other proper winter attire.

6.      Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.

7.      Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

8.      Within thirty (30) days of final judgment in this action, Petitioner may move to recover attorneys' fees and costs under the Equal Access to Justice Act.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 12, 2026              s/Donovan W. Frank
                                                  DONOVAN W. FRANK
                                                  United States District Judge